IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD CECIL COOK, #36031-177, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-1557-G-BK |
| | § | (3:06-CR-0257-G-1) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255, which was automatically referred to the magistrate judge. *See* 28 U.S.C. 636(b) and Special Order 3. For the reasons that follow, this action should be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to possession of a firearm by a felon and was sentenced to 188 months' imprisonment and a three-year term of supervised release. *United States v. Cook*, 3:06-CR-257-G-1 (N.D. Tex. Jun. 13, 2007), *appeal dismissed as frivolous under Anders v. California*, No. 07-10684 (5th Cir. Apr. 16, 2008). On April 29, 2014, Petitioner filed this section 2255 motion, asserting a claim based on the Supreme Court's decision in *Descamps v. United States,* ––– U.S. –––, 133 S. Ct. 2276 (Jun. 20, 2013). [Doc. 2 at 7]. He asserts that *Descamps* applies retroactively to his conviction, enabling the filing of this section 2255 motion. [Doc. 2 at 8].

**II. ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2255(f); *Kiser v. Johnson*, 163

F.3d 326, 328-29 (5th Cir. 1999) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).  As the section 2255 motion appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.  Although Petitioner has not done so, in the brief in support of his section 2255 motion, he suggests that the motion is timely filed pursuant to section 2255(f)(3).  [Doc. 3 at 1-2].[1]

Under section 2255(f)(3), the one-year limitations period is calculated from "the date on which the right asserted was initially recognized by the Supreme Court."  *See Dodd v. United States*, 545 U.S. 353, 358-359 (2005) (holding that if the Supreme Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from the Supreme Court's decision within which to file his motion to vacate).  However, section 2255(f)(3) applies only if the right has been (1) "newly recognized by the Supreme Court" and (2) made retroactively applicable to cases on collateral review."  *Id.* at 358.  The retroactivity determination can be made by the Supreme Court as well as a lower court.  *See United States v. Lopez*, 248 F.3d 427, 431-32 (5th Cir. 2001) (holding that had Congress intended the retroactivity determination under section 2255(f)(3) to be limited to the Supreme Court, the statute would have explicitly provided so).

Here, Petitioner appears to assert that the one-year limitations period did not commence until June 2013, when the Supreme Court issued its *Descamps* opinion.  *Descamps* clarified the test used in *Taylor v. United States*, 495 U.S. 475 (1990), and *Shepard v. United States,* 544 U.S. 13 (2005), to determine if a prior conviction constitutes a violent felony under the Armed Career Criminal Act (ACCA).  *Descamps,* 133 S. Ct. at 2281-82 (holding the modified categorical

---

[1]   Sections 2255(f)(1)-(2) and (4) are inapplicable here, as Petitioner does not base his limitations argument on the finality of his conviction, a government created impediment, or the date on which the facts supporting his claim could have been discovered.

approach is only appropriate for divisible statutes that set forth several offenses with discrete elements).

However, *Descamps* does not apply retroactively on collateral review. The Supreme Court resolved *Descamps* on direct rather than collateral review, and it did not declare that it applied retroactively on collateral attack. *See* Whittaker v. Chandler, No. 13-11280, 2014 WL 2940449 (5th Cir. July 1, 2014) (unpublished per curiam) (holding in the context of the savings clause that *Descamps* is not a retroactively available Supreme Court decision); Monroe v. United States, No. 3:13-CV-2546-G-BK, 2013 WL 6199955 *3 (N.D. Tex. Nov. 26, 2013) (accepting findings and recommendation) (holding, in the context of section 2255(f)(3), that *Descamps* does not apply retroactively on collateral review). Indeed, *Descamps* re-affirmed the Supreme Court's decision in *Shepard*, which has not been found to be retroactively applicable. *See* United States v. Pettiford, 612 F.3d 270, 279 (4th Cir. 2010) (collecting cases finding *Shepard* not retroactively applicable on collateral review); Monroe, 2013 WL 6199955 *3 (same). Because the Court concludes that *Descamps* does not apply retroactively on collateral review, section 2255(f)(3) is inapplicable here, and Petitioner's section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

As indicated previously, although Petitioner was granted an opportunity to present arguments in support of equitable tolling, he did not respond as directed by the Court's Order. Nevertheless, any equitable tolling argument would be unavailing. *See* Lawrence v. Florida, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"). This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. Unexplained delays do not evince due diligence or

rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *see also Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").  In addition, neither unfamiliarity with the law nor *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  See *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).

Accordingly, the Court concludes that Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.  See *Petty*, 530 F.3d at 365.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED with prejudice** as barred by the one-year statute of limitations.

**SIGNED** July 10, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See* *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE